Ranney, J.
The plaintiff in error was prosecuted, under section 1 of the act of May 1,1854, “ to prevent the adulteration of alcholic liquors ” (Swan’s Rev. Stat. 479a), for selling a quantity of spirituous liquors which had not been inspected. The information contained the necessary negative averment, and the only question presented is, whether the state was bound to offer any proof in its support. The court below held that it was not; that upon proof of a sale, the burden was cast upon the accused to show that the liquor had been inspected. The question is not without difficulty, but upon careful consideration, a majority of the court are of opinion that the court erred in this ruling.
It is perfectly well settled, that the indictment or information must, in all eases, contain the negative averment; and there is no doubt, as a general rule, that some proof must be given to sustain it, where the round of action rests upon such negative allegation; *479 or where the statute, in describing the offense, contains such negative matter; and where the negative allegation involves a chaise of criminal neglect of duty, whether official or otherwise. 1 Greenl. Ev., secs. 78-80; 3 East, 192; 3 Bos. & Pul. 302; 19 I. R. 345; 2 Camp. 654; 2 Pick. 139, 4 Ib. 341.
These rules, however, are subject to an established exception, where the subject-matter of the negative averment lies peculiarly within the knowledge of the defendant, can be readily and easily *proved by him, and can not, without great inconvenience, be proved by the party making the averment. 1 G-rocnl. Ev.,. sec. 80.
The adjudged cases have, for the most part, confined this exception to civil or criminal prosecutions, for a penalty for doing an act which the statutes do not permit to be done by any persons except those duly licensed therefor, and have applied it to the averment alleging the want of such qualification. It had its origin in prosecutions under the English game laws, but has since been extended to prosecutions for selling liquor, exercising trades, etc., without license, and the like cases.
But even in these cases, all the conditions to which we have alluded must exist, or the exception does not apply. As stated by Chief-Justice Shaw, in Commonwealth v. Thurlow, 24 Pick. 374, the proof is dispensed with only “from necessity, or that great difficulty amounting practically to such necessity ; or, in other words, where-one party could not show the negative, and whore the other could with perfect ease show the affirmative.” And accordingly in that case, which was a prosecution for selling spirituous liquors without license, it was held that the government must prove the negativeaverment, that the accused was not licensed — the county commissioner's being required to keep a record of licenses granted — and the proof being thus equally accessible to each of the parties.
In this case the negative matter is inseparably connected with the statutory description of .the offense; the prosecution is grounded upon it, and the negative allegation charges a criminal neglect of duty, punished with great severity. It does not refer to acts allowed1 to be done by those licensed therefor, and denied to others; but to a matter prohibited alike to all. It is not a question of personal qualification, but of the infraction of a general criminal prohibition, by engaging in a traffic denied to everybody.
In our opinion the offense must not only be charged, but‘also *480 proved, before the penalties provided by the statute can be *inflicted. It may be difficult for the state to make the proof; but, while that consideration should have great weight in determining-the policy of creating offenses which can not be easily proved, it can furnish no good reason for convicting without it. We can not stretch this exception to a salutary rule of evidence so far as to cover a case like the present; or rebut the presumption of innocence-upon a mere charge of guilt. In many cases it would be very difficult for the defendant to prove that the liquor had been inspected. The law contemplates the inspection upon its importation or manufacture, and requires no further inspection before a sale by those-who have purchased of the importer or manufacturer. In no case-does such a vendor of the article, have any evidence that he can produce that it has been inspected, short of going to the person of whom he purchased. It may be admitted that he could more readily find the witness than the officers of the state, without bringing the-case within the principle upon which proof of the negative averment has been dispensed with.
Thus, in Commonwealth v. Samuel, 2 Pick. 103, which was a. prosecution for peddling goods not being of the produce or manufacture of the United States, it was held that it was incumbent, upon the government to prove affirmatively that the goods were of foreign produce or manufacture; although it is evident that no one-could as readily have found the proof as the accused.
The rule does not depend upon a mere balancing of difficulties, and it is never applied unless the proof is practically beyond the reach of the government, and clearly within the power of theaecus.ed.
The judgment is reversed, and the cause remanded for further proceedings.
Judge Swan dissented.